**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

**CIVIL ACTION NO.: 3:09CV-94-M**

**DOSSIA BROGAN**                                                    **PLAINTIFF**

**v.**

**U.S. SPECIALITY INSURANCE COMPANY and**
**KIM VAN DER HEIDEN**                                     **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon motions by the plaintiff, Dossia Brogan, to remand [DN 9] and to stay [DN 10]. Also before the Court is a motion by the defendant, Kim Van Der Heiden, to dismiss [DN 8]. These matters are ripe for decision.

**I. INTRODUCTION**

The plaintiff filed a complaint in Jefferson Circuit Court on November 24, 2008, only naming U.S. Speciality Insurance Company ("USSIC") as a defendant. Because the parties were completely diverse, and asserting that the amount-in-controversy requirement was satisfied, USSIC removed the action to this Court where Brogan voluntarily dismissed the complaint on January 5, 2009. On January 21, 2009, Brogan filed another complaint in Jefferson Circuit Court making substantially similar allegations, but additionally asserting a claim against Heiden as an "adjuster" under the Kentucky Insurance Code. USSIC and Heiden jointly removed the action to this Court based on diversity of citizenship jurisdiction. The defendants assert that Heiden, a Kentucky citizen, was fraudulently joined to destroy complete diversity. Brogan, also a Kentucky citizen, filed this instant motion to remand contending that this Court lacks subject matter jurisdiction over her claims.

## II. DISCUSSION

As a general matter, a civil case brought in a state court may be removed by a defendant to federal court if it could have been brought there originally. 28 U.S.C. § 1441(a). A federal district court has original "diversity" jurisdiction where "the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and the suit is between "citizens of different states." 28 U.S.C. § 1332(a). A defendant removing a case has the burden of proving that these diversity jurisdiction requirements are met. Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921). Where, as here, the complaint specifies only "some unspecified amount that is not self-evidently greater or less than the federal amount-in-controversy requirement," the defendant must show by a "preponderance of the evidence" that the plaintiff's claims are greater than $75,000. Gafford v. Gen. Elec. Co., 997 F.2d 150, 157 (6th Cir. 1993). A defendant does not meet this burden if it only establishes "a mere possibility that the jurisdictional amount is satisfied." Everett v. Verizon Wireless, Inc., 460 F.3d 818, 829 (6th Cir. 2006). Here, Brogan alleges that USSIC breached the terms of an insurance policy by failing to pay temporary and continuous total disability benefits and seeks back-pay and reinstatement.

The Court finds that the amount-in-controversy does not exceed the jurisdictional threshold of $75,000. Although the defendants have sufficiently established that the amount-in-controversy is at least $12,000,[1] the defendants have failed to show by a preponderance of the evidence that the amount-in-controversy of the plaintiff's remaining claims exceeds $63,000. The defendants correctly assert that the plaintiff is seeking future benefits under the insurance policy and that these

---

[1] This amount represents the plaintiff's claim for past due benefits of $600 per month for 20 months. (See Defs.' Br. at 7.)

benefits could last for more than 20 years. They contend that if the plaintiff were to receive the maximum weekly benefit of $500 for each of these 20 years, the plaintiff's recovery for these future benefits would be $530,000 which easily exceeds the jurisdictional threshold. The flaw in the defendants' position, however, is that the Court may only take into consideration potential future payments under a disability insurance policy if the *validity* of the entire insurance contract is disputed. Mass. Cas. Ins. Co. v. Harmon, 88 F.3d 415, 416 (6th Cir. 1996). "In contrast, future potential benefits may not be taken into consideration in the computation of the amount in controversy . . . where the controversy concerns merely the *extent* of the insurer's obligation with respect to disability benefits and not the validity of the policy." Id. at 416-17 (emphasis added) (quotation omitted). Here, the parties do not dispute the validity of the contract. Instead, the plaintiff merely argues that under her interpretation of the contract, she is entitled to these future disability payments. Therefore, the Court may not consider these potential future payments in determining whether the amount-in-controversy requirement is satisfied. Furthermore, the defendants have put on no evidence as to the value of the plaintiff's remaining claims. Nor does the Court finds that value of the plaintiff's remaining claims likely exceeds $63,000. Consequently, the defendants have simply failed to meet their burden.

### III. CONCLUSION

Having concluded that the amount-in-controversy requirement is not satisfied, the Court does not have subject matter jurisdiction over the plaintiff's claims and remand is appropriate. Therefore, the Court need not decide whether Heiden was fraudulently joined in this action. Furthermore, the Court lacks subject matter jurisdiction to consider Heiden's Rule 12(b)(6) motion. Accordingly, **IT IS HEREBY ORDERED** that:

      1.      The motion by the plaintiff, Dossia Brogan, to remand [DN 9] is **GRANTED**.  This matter shall be **REMANDED** to the Jefferson County Circuit Court;

      2.      The motion by the plaintiff to stay [DN 10] is **DENIED as moot**; and

      3.      The motion by the defendant, Kim Van Der Heiden, to dismiss [DN 8] is **DENIED as moot**.

cc:    Counsel of Record
        Jefferson County Circuit Court